UNITED STATES of America,
Plaintiff–Appellee,

v.

Geyen AVILA–CORREA, Defendant–
Appellant.

No. 14–50436.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2015.*

Filed Oct. 19, 2015.

Benjamin Joseph Katz, Special Assistant U.S., Peter Ko, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Clare Lemon, San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

MEMORANDUM **

Geyen Avila–Correa appeals from the district court's judgment and challenges the 63–month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We dismiss.

Avila–Correa contends that his sentence is illegal because the fact of his prior felony conviction, which increased the statutory maximum sentence, was not charged in the information. The government argues that this appeal should be dismissed based on an appeal waiver contained in the parties' plea agreement. We review de novo whether to enforce an appeal waiver. See United States v. Watson, 582 F.3d 974, 981 (9th Cir.2009). Contrary to Avila–Correa's contention, the Supreme Court's holding in Almendarez–Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), remains binding. See Alleyne v. United States, —— U.S. ——, 133 S.Ct. 2151, 2160 n. 1, 186 L.Ed.2d 314 (2013) (declining to revisit Almendarez–Torres); United States v. Leyva–Martinez, 632 F.3d 568, 569 (9th Cir.2011) (per curiam) ("We have repeatedly held ... that Almendarez–Torres is binding unless it is expressly overruled by the Supreme Court."). Accordingly, Avila–Correa's sentence is not illegal, and we dismiss this appeal in light of the valid appeal waiver. See Watson, 582 F.3d at 988.

**DISMISSED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.